**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
**www.flsb.uscourts.gov**

| | |
|---|---|
| In re: | Case No. 24-12797-RAM |
| 7233 LOS PINOS, LLC, | Chapter 11 (Sub V) |
| Debtor. _____/ | |

**DEBTOR'S *EXPEDITED* MOTION FOR ENTRY OF AN ORDER PURSUANT TO 11 U.S.C. § 364 AUTHORIZING THE DEBTOR TO OBTAIN POST-PETITION SECURED FINANCING AND GRANTING RELATED RELIEF**

**(Expedited Hearing Requested For May 9, 2024)**

**Statement of Exigent Circumstances**

**The Debtor requests that the Court conduct an expedited hearing on this Motion on May 9, 2024 or as soon as practical thereafter. The Debtor's homeowners insurance policy is set to be cancelled after May 10, 2024. To avoid cancellation, the Debtor must satisfy an outstanding insurance premium before the end of the day on May 10, 2024. The relief sought by this Motion will allow the Debtor access to cash necessary to pay the premium. Accordingly, expedited relief is proposed to facilitate the payment.**

Debtor-in-Possession, 7233 Los Pinos, LLC, as the debtor and debtor-in-possession in the above-captio (the "Debtor"), files this *Motion for Entry of An Order Pursuant To 11 U.S.C. §364 Authorizing The Debtor To Obtain Post-petition Secured Financing And Granting Related Relief*, and in support hereof states as follows:

**JURISDICTION**

1. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334.

2. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

3. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

**A.   General Background**

4. On March 25, 2024 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code, thereby commencing the above-captioned bankruptcy case (this "Case"). The Debtor is authorized to continue operating its business as debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5. The Debtor is a limited liability company which owns a single residential real property asset located at 7233 Los Pinos Blvd., Coral Gables, Florida (the "Property").

6. The Property is insured by Vault E&S Insurance Company.

7. The Debtor requires access to cash in order to satisfy an outstanding insurance premium installment due for homeowners insurance coverage. The April installment initially became due on April 1, 2024. The deadline to make the payment before the policy is cancelled is May 11, 2024 at 12:00 a.m.

## RELIEF REQUESTED

8. By this motion, the Debtor seeks entry of an order—

A. Authorizing the Debtor to (i) obtain post-petition, secured debtor-in-possession financing in an aggregate principal amount of up to $25,000.00 (the "DIP Facility") pursuant to the terms and conditions of the Interim Order and the DIP Credit Term Sheet (as defined below) by and between the Debtor, as borrower, and Jennie Frank Kapoor (the "Lender"), and (ii) incur the obligations under the DIP Term Sheet (the "DIP Obligations") and any related agreements, documents, certificates and instruments delivered or executed from time to time in connection therewith, as amended, restated, or otherwise modified from time to time in accordance with the terms thereof and hereof, collectively, the "DIP Documents");

B. Authorizing the Debtor to execute and enter into the DIP Documents and to perform their respective obligations thereunder and such other and further acts as may be required in connection with the DIP Documents as such amounts become due and payable;

2

  C. Authorizing the Debtor to give administrative priority status to the amounts borrowed in accordance with §§ 503(a) and 507(a)(2) of the Bankruptcy Code.

## BASIS FOR RELIEF

**The Proposed Financing**

9. The Debtor's sole asset is a residential property located in Coral Gables, Florida. The property has an estimated value in excess of $7 million.

10. Pre-petition, the Debtor obtained insurance premium financing in order to insure the property (the "Financing"). The Financing requires quarterly installment payments in the approximate amount of $22,026.25.

11. To satisfy the outstanding April 2024 installment, Jennie Frank Kapoor, an affiliate of the Debtor, has agreed to extend financing to the Debtor on a secured basis on terms that are believed to be much more competitive than any financing available in the traditional markets. This financing would be interest-free, not subject to any fees or charges, and accessible to the Debtor immediately. Jennie Frank Kapoor's rights in connection with this financing will be protected by an administrative claim and junior lien on the Property in an amount consistent with the premium advanced.

12. A form of agreement memorializing these terms is attached hereto as **Exhibit A** (the "DIP Credit Term Sheet").

13. Given the amount in question and the favorable terms offered by Jennie Frank Kapoor, the Debtor is confident that it would be unable to match, much less beat, such terms through financing from an outside lender. It is axiomatic that institutional lenders would seek a reasonable rate of interest as compensation for the value and risk of a loan, and most lenders would

3

be expected to require the Debtor to pay fees and other charges. Because the proposed financing by Jennie Frank Kapoor does not require the payment of fees or charges, the Debtor has not attempted to shop the loan around.

14. Consistent with the disclosure requirements of Fed. R. Bankr. P. 4001 and Local Rule 4001-3, the following table summarizes the significant terms of the DIP Facility and the Interim Order:

**Summary of Relevant Provisions**

| Material Terms | DIP Facility |
|---|---|
| • Borrower | 7233 Los Pinos, LLC |
| • Lender | Jennie Frank Kapoor |
| • Purpose and Limitation of Use of Proceeds | Proceeds of the loans shall be used to fund the Debtor's post-petition insurance premium obligations |
| • Security | Junior Lien |
| • Interest Rate | None |
| • Maturity | Unless otherwise agreed by Jennie Frank Kapoor, the DIP Financing shall be repayable upon the earliest of (a) 5 days after a written demand for repayment is filed by Jennie Frank Kapoor with the Court and served upon the Debtor and the Debtor's attorney, (b) entry of an order dismissing this case or converting this case to a case under Chapter 7, and (c) the occurrence of the effective date under a confirmed plan in this case. |
| • Fees | None |
| • Conditions Precedent to Lending | None other than order approving the DIP Financing. |
| • Priority of Claims | The obligations under the DIP Facility will constitute administrative claims, pari |

|   |   |
|---|---|
|   | passu with other administrative claims in this case except voluntarily subordinated to any claims of the Debtor's professionals. |
| • Provisions Granting Cross collateralizing | None |
| • Provisions or findings of fact that bind the estate or other parties in interest with respect to the validity, perfection or amount of the secured creditor's prepetition lien or the waiver of claims against the secured creditor without first giving parties in interest at least seventy-five (75) days from the entry of the order and the creditors' committee, if formed, at least sixty (60) days from the date of its formation to investigate such matters | None |
| • Provisions that seek to waive, without notice, whatever rights the estate may have under 11 U.S.C. § 506(c) | None |
| • Provisions that immediately grant to the prepetition secured creditor liens on the debtor's claims and causes of action arising under 11 U.S.C. §§ 544, 545, 547, 548 and 549 | None |
| • Provisions that deem prepetition secured debt to be post-petition debt or that use post-petition loans from a prepetition secured creditor to pay part or all of that secured creditor's prepetition debt, other than as provided in 11 U.S.C. § 552(b) | None |
| • Provisions that provide disparate treatment for the professionals retained by a creditors' committee from those professionals retained by the debtor with respect to a professional fee carve-out | None |
| • Provisions that prime any secured lien without the consent of that lienor. | None |

5

| | |
|---|---|
| • Provisions that seek to affect the Court's power to consider the equities of the case under 11 U.S.C. § 552(b)(1) | None |

15. Given the current state of the Debtor's financial affairs, the Debtor does not believe that it could possibly obtain financing on better terms.

16. The Debtor qualifies for relief under § 364 of the Bankruptcy Code, which provides, in relevant part—

> (c) If the trustee is unable to obtain unsecured credit allowable under section 503(b)(1) of this title as an administrative expense, the court, after notice and a hearing, may authorize the obtaining of credit or the incurring of debt—
>
> (1) with priority over any or all administrative expenses of the kind specified in section 503(b) or 507(b) of this title;
> (2) secured by a lien on property of the estate that is not otherwise subject to a lien; or
> (3) secured by a junior lien on property of the estate that is subject to a lien.

11 U.S.C. § 364(c).

### A. Alternative Financing Is Not Available to the Debtor.

17. While the Debtor has not shopped for any other loan, the Debtor respectfully submits that it could not possibly obtain financing on terms more favorable than the DIP Facility. The economic reality is that no potential lender would loan money to the Debtor to pay administrative claims without requiring security, interest, and fees. The Debtor does not believe that it has assets that would provide the security and liquidity to a third-party junior lender in order to obtain the financing provided in the DIP Facility. Most lenders use fees and charges to generate their profit, and this loan has none of those. Furthermore, in light of the economics of this case, most lenders require a more substantial borrowing than the amounts the Debtor is seeking in

financing, in order for lenders to justify the risk and value of advances to be made. Accordingly, the Debtor respectfully submits that the DIP Facility is the best available post-petition financing for the Debtor.

> **B.    The Terms of the DIP Facility are Fair, Reasonable, and Adequate under the Circumstances.**

18.     In considering whether the terms of post-petition financing are fair and reasonable, courts consider the terms in light of the relative circumstances of both the debtor and potential lender. *In re Farmland Indus., Inc.*, 294 B.R. 855, 886 (Bankr. W.D. Mo. 20013); *see also Unsecured Creditors' Comm. Mobil Oil Corp. v. First Nat'l Bank & Trust Co. (In re Ellingsen MacLean Oil Co.)*, 65 B.R. 358, 365 (W.D. Mich. 1986) (a debtor may have to enter into hard bargains to acquire funds).

19.     Insurance is necessary to preserve the value of the Debtor's sole asset. The terms of the DIP Facility are not only fair but represent the most cost effective solution for meeting this obligations until such time as the Debtor may sell the Property. The relief sought is appropriate, reasonable, and in the best interests of the Debtor, its estate, and his creditors.

> **C.    Entering into the DIP Facility Reflects the Debtors' Reasonable Business Judgment and Is Consistent with the Entire Fairness Doctrine**.

20.     Courts ordinarily view a debtor's proposed DIP loan under the business-judgment rule. *See, e.g., In re Simasko Prod. Co*., 47 B.R. 444, 449 (D. Colo. 1985) ("business judgments should be left to the board room and not to this Court"); *In re Lifeguard Indus., Inc*., 37 B.R. 3, 17 (Bankr. S.D. Ohio 1983) (same); *In re Curlew Valley Assocs*., 14 B.R. 506, 511-13 (Bankr. D. Utah 1981) (courts generally will not second-guess a debtor's business decisions where those decisions constitute "a business judgment made in good faith, upon a reasonable basis, and within the scope of its authority under the Code"); *In re Weaver Oil Co., Inc*., 2008 WL 8202063, at *2

(Bankr. N.D. Fla. 2008) ("Under the "business judgment rule," the Bankruptcy Court recognizes that it is "no more equipped to make subjective business decisions for insolvent businesses than [the Court is] for solvent businesses," and the formulation of the business judgment rule in corporate litigation is also the appropriate formulation of the business judgment rule in the Bankruptcy Court"). "More exacting scrutiny would slow the administration of the debtor's estate and increase its costs, interfere with the Bankruptcy Code's provision for private control of administration of the estate, and threaten the court's ability to control a case impartially." *Richmond Leasing Co. v. Capital Bank, N.A.*, 762 F.2d 1303, 1311 (5th Cir. 1985)

21. Consistent with this authority, the Debtor's decision to enter into the DIP Facility is the culmination of the Debtor's good faith efforts to procure the best available financing under the circumstances. Here, in the exercise of its business judgment, the Debtor has determined that entry into the DIP Facility is necessary to preserve the primary assets of its estate and is in the best interests of creditors.

22. In a transaction between the estate and an insider of the debtor, however, courts may use the more rigorous standard of the entire fairness doctrine. *See In re Los Angeles Dodgers LLC*, 457 B.R. 308, 313 (Bankr. D. Del. 2011). This test requires the Debtor to show proof of fair dealing and fair price and terms. *Id.* (citing *Moran v. Household Int'l, Inc.*, 500 A.2d 1346 (Del. Supr.1985)). Even under this more stringent standard, the Debtor is confident that the terms and price are fair and that there has been no unfair dealing. Because the proposed financing will impose virtually no expense to the estate, it is difficult to fathom that any other source of financing could match the proposed terms, much less improve upon them.

23. The DIP Facility does not purport to prime other liens or security interests in the Debtor's assets.

24. Under the authorities cited herein the Court may properly grant the relief requested.

**WHEREFORE**, the Debtor respectfully requests that the Court enter an order: (a) authorizing the Debtor to obtain post-petition financing in accordance with the terms of the DIP Credit Term Sheet and the proposed order submitted herewith, and (b) granting the Debtor such other and further relief as the Court may deem proper.

Dated this 8th day of May, 2022.

                Respectfully submitted,

                **DGIM Law, PLLC**
                *Counsel for the Debtor,*
                2875 NE 191st Street, Suite 705
                Aventura, FL 33180
                Phone: (305) 763-8708

                */s/ Monique D. Hayes*
                Isaac Marcushamer, Esq.
                Florida Bar No. 0060373
                isaac@dgimlaw.com
                Monique D. Hayes, Esq.
                Florida Bar No. 0841573
                monique@dgimlaw.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that, on this May 8, 2024, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that a true and correct copy of the foregoing was served via CM/ECF electronic transmission upon those parties who are registered to receive notifications in this matter, and via U.S. Mail to parties who are not registered, as shown below.

                By: */s/ Monique D. Hayes*
                      Monique D. Hayes, Esq.

**EXHIBIT A**

# 7233 LOS PINOS

## SUMMARY OF TERMS AND CONDITIONS FOR UP TO $25,000 DEBTOR-IN-POSSESSION FINANCING

The following describes the terms of certain debtor-in-possession financing ("*DIP Loan*") to be provided to 7233 Los Pinos, LLC during the pendency of the case filed under Chapter 11 of the United States Bankruptcy Code (the "*Bankruptcy Code*") styled *In re: 7233 Los Pinos, LLC*, pending in the Bankruptcy Court (the "*Chapter 11 Case*").

This term sheet (the "*Term Sheet*") and the DIP Lender's (as defined below) commitment and other obligations hereunder are subject to satisfaction or waiver (by the DIP Lender in its sole discretion) of the following: (i) the preparation, execution and delivery of mutually acceptable loan documentation, incorporating substantially all of the terms and conditions outlined in this Term Sheet ("*DIP Loan Documents*"); (ii) the Debtor's compliance with the terms of this Term Sheet. The terms and conditions set forth herein are mutually dependent on each other, and the DIP Lender shall not be obligated to extend credit unless agreement with the Debtor and approval by the Bankruptcy Court is obtained with respect to such terms and conditions as a whole.

| Borrower | 7233 Los Pinos, LLC *("Los Pinos," the "Debtor," or "Borrower")* in the Chapter 11 Case filed on March 25, 2024 (the "*Petition Date*") |
|---|---|
| Guarantors | None. |
| DIP Lender | Jennie Frank Kapoor |
| Property | The "*Property*" shall mean the real and personal property owned by the Debtor. |
| Amount | The DIP Loan shall comprise a loan in an aggregate amount of up to $25,000 (the "*DIP Loan*"). The DIP Loan shall be used to pay necessary insurance premiums and reimburse for DIP Lender's counsel expenses related to the DIP Loan. |

| | |
|---|---|
| **Junior Liens and Administrative claim** | All obligations under the DIP Loan shall at all times:<br><br>(i) be entitled, pursuant to Section 364(c)(1) of the Bankruptcy Code, to administrative claim status having the same priority as all other administrative claims (subject to the Carve-Out and the Professional Fee Reserve as set forth below) (the "***DIP Admin Claim***");<br><br>(ii) be secured, pursuant to Section 364(c) of the Bankruptcy Code, by a perfected junior lien on all now-owned or after-acquired Property (as defined below) of the Borrower (the "***DIP Liens***").  All of the DIP Liens described herein with respect to the Property shall be deemed effective and perfected by the entry of the Interim and the Final Order and without the necessity or filing of the execution of mortgages, security agreements, pledge agreements, financing statements, control agreements, or other agreements. |
| **Maturity** | The DIP Loan shall be repaid in full on the earliest to occur (the "***Maturity Date***") of (i) on December 31, 2024; (ii) the date the Bankruptcy Court enters an order converting the bankruptcy case of the Debtor to a Chapter 7 liquidation, dismissing the bankruptcy case of the Debtor, or appointing a trustee; (iii) the occurrence of an Event of Default under the DIP Loan Documents that has not been cured as provided herein; or (iv) the sale or refinancing of all or substantially all of the Debtor's Property. |
| **Use of Proceeds** | Subject to the terms and conditions herein, the proceeds of DIP Loan will be used solely to pay necessary insurance premiums and reimburse DIP Lender's attorneys fees in connection with the DIP Loan. |
| **Interest Rate** | No interest shall accrue on the Loan |
| **Voluntary Prepayments** | The DIP Loan may be permanently prepaid in full by the Borrower at any time without premium or penalty. |
| **Events of Default** | The following will constitute events of default  (the "***Events of Default***") under the DIP Loan: (i) Debtor's failure to comply with the terms of any related Interim Order or the Final Order; (ii) the obtaining of credit or the incurrence of indebtedness that is equal to or senior to the liens and claims of DIP Lender, or entitled to priority administrative status which is equal or senior to that granted to the DIP Lender herein;  (iii) termination of DIP Lender's lien or security interest or assertion by Borrower that DIP Lender's lien is not valid or perfected; (iv) relief from stay granted (a) to allow any creditor to execute upon or enforce a lien on or security interest in any Collateral and the subsequent commencement of a foreclosure action in connection therewith, or (b) with respect to any lien of or the granting of any lien on any Collateral to any state or local |

EAST\169769625.10

|  | |
|---|---|
|  | environmental or regulatory agency or authority and the subsequent commencement of a foreclosure action in connection therewith, which liens would have a material adverse effect on the business, operations, property, assets, or condition, financial or otherwise, of the Borrower; (v) the reversal, vacatur, or modification (without the express prior written consent of the DIP Lender, in its sole discretion) of the Interim Order or the Final Order; (vi) dismissal or conversion of the Chapter 11 Case, or appointment of a chapter 11 trustee or examiner; (vii) the sale of any portion of the Borrower's Property outside the ordinary course of business without the prior written consent of the DIP Lender, in its sole discretion, or without the repayment in full of the DIP Loan in connection therewith; (viii) the granting of any motion providing for reconsideration, stay, or vacatur of the Interim Order or the Final Order. |
| **Remedies** | Immediately upon the occurrence and during the continuation of an Event of Default and without notice, the DIP Lender may (i) (a) declare all obligations to be immediately due and payable, (b) charge default interest on the sums outstanding on the DIP Loan, and (iii) seek any and all customary remedies, including, without limitation, the right to foreclose and realize on all collateral.  DIP Lender shall not, by any act, delay, omission or otherwise be deemed to have expressly or impliedly waived any of its rights or remedies unless such waiver shall be in writing and signed by an authorized officer of DIP Lender. A waiver by DIP Lender of any right or remedy on any one occasion shall not be construed as a bar to or waiver of any such right or remedy which DIP Lender would otherwise have on any future occasion, whether similar in kind or otherwise. |
| **Release** | The Borrower will provide customary releases for any claims, demands, liabilities, responsibilities, disputes, remedies, causes of action, indebtedness or obligations related to or arising out of the DIP Loan (the "***Release***"). |
| **Governing Law** | The DIP Loan Documents will provide that the Borrower will submit to the non-exclusive jurisdiction and venue of the Bankruptcy Court, or in the event that the Bankruptcy Court does not have or does not exercise jurisdiction, then in any state or federal court of competent jurisdiction in the State of Florida; and shall waive any right to trial by jury. Florida law shall govern the DIP Loan Documents except to the extent preempted by federal bankruptcy laws. |

The preceding summary of proposed terms and conditions is not intended to be all-inclusive. Any terms and conditions that are not specifically addressed above would be subject to future negotiations with the DIP Lender and comprehensive documentation of the transaction that is acceptable to the DIP Lender will have to be prepared.

3

EAST\169769625.10

IN WITNESS WHEREOF, the undersigned have caused this Term Sheet to be executed and delivered by their duly authorized officers, as of May __, 2024.

**7233 Los Pinos, LLC**, as Borrower

By: _____
Name:
Title:


_____
Jennie Frank Kapoor